IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 4:94-665 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Henry Chester, a/k/a Zeke, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendant's "Motion to Modify Defendant [sic] Term of Imprisonment Pursuant to 18 U.S.C.S. 3742(a) 1 and 4 based on Amendment 674," filed September 13, 2010. Defendant argues that his sentence should be modified under this amendment to the United States Sentencing Guidelines. The Government has not responded to Defendant's motion.

Defendant's motion fails for two reasons. Initially, the statute under which Defendant seeks to "modify" his sentence is statutory authority for a defendant to file a notice of appeal in the district court to appeal a conviction or sentence to a court of appeals. Therefore, this statute provides no authority for this court to act on Defendant's motion.

Moreover, as noted previously by this court,[1] if Defendant were sentenced today, Amendment 674 to the Guidelines would provide him some relief. However, Amendment 674 was not adopted until long after Defendant was sentenced, and this Amendment is not retroactively applicable. U.S.S.G. § 1B1.10; *United States v. Czeck*, 172 Fed. Appx. 687 (8th Cir. 2006); *United States v. Ross*, 165 Fed. Appx. 473, 474 (7th Cir. 2006); *United States v. Johnson*, 160 Fed. Appx. 854, 856 (11th Cir. 2005). Therefore, Defendant's sentence cannot be reduced pursuant to Amendment 674.

Defendant's motion is, therefore, **denied**.

_____

[1] See Order filed September 8, 2008, at note 1. (Dkt. # 80).

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 1, 2010

C:\Documents and Settings\snw84\Local Settings\Temp\notesBAAA25\94-665 Henry Chester e deny motion for reduction under Amd 674 not retroactive.wpd