IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 4:94-665-CMC |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Henry Chester, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Defendant's motion for relief filed in this court pursuant to 28 U.S.C. Section 2255. ECF No. 135. Defendant seeks relief pursuant to the recent Supreme Court decision in *Descamps v. United States*, 570 U.S. \_\_, 133 S. Ct. 2276 (2013), and the Fourth Circuit Court of Appeals decision in *United States v. Hemingway*, 734 F.3d 323 (4th Cir. 2013).

Defendant's motion is a successive motion for relief under 28 U.S.C. § 2255.[1] Defendant's failure to seek permission to file a second or successive motion in the appropriate court of appeals prior to filing the motion in the district court is fatal to the outcome of any action on the motion in this court. Prior to filing a second or successive motion under § 2255, Defendant must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This he has not done.

Defendant's motion is dismissed without prejudice as this court is without jurisdiction to

---

[1] Defendant previously filed a motion for relief under 28 U.S.C. § 2255 on December 4, 1998. The Government was granted summary judgment on Defendant's motion on November 29, 1999.

1

consider it.[2]

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 10, 2014

---

[2]Defendant has filed a motion to proceed *in forma pauperis* (*ifp*). Based upon the court's lack of jurisdiction to consider Defendant's motion for relief under § 2255, Defendant's motion to proceed *ifp* is **moot**.